**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GILDO JOAO CARMELO MONJARAS COLAN, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 3:26-cv-1270<br>Judge Stephanie L. Haines |
| WARDEN, MOSHANNON VALLEY PROCESSING CENTER, *et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 2, 2026, Petitioner Gildo Joao Carmelo Monjaras Colan ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C § 2241. ECF No. 1. Respondents filed their response in opposition on August 7, 2026 (ECF No. 4) and accompanying supplement (ECF No. 5), and Petitioner filed a reply on August 27, 2026 (ECF No. 6). The Habeas Petition is now fully briefed and ripe for disposition. For the following reasons, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 1.

## I. Facts[1]

Petitioner is "a native and citizen of Peru" who was taken into immigration custody on January 8, 2026. ECF No. 1, p. 6; ECF No. 4, p. 2. On February 20, 2026, Petitioner filed his first habeas petition, which this Court granted in part on June 5, 2026, ordering that he receive an individualized bond hearing. ECF No. 4, p. 1; *see* Docket 3:26-cv-00298. On June 12, 2026, Petitioner "received an individualized bond hearing, at which the immigration judge denied bond after concluding that he posed a 'flight risk' if released." ECF No. 4, p. 2. Petitioner appealed this

[1] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court.

bond denial on July 13, 2026. ECF No. 5-1, p. 2.

On April 29, 2026, an immigration judge ordered Petitioner removed to Peru (ECF No. 4-1), which Petitioner then subsequently appealed to the Board of Immigration Appeals ("BIA") on May 27, 2026. ECF No. 4-2. As of the parties' last update, this appeal appears to still be pending. ECF No. 4-2; ECF No. 6, p. 3.

## II. Parties' Allegations & Relief Requested

In this Habeas Petition, Petitioner contends that his "continued detention serves no legitimate regulatory purpose" and is a violation of the Due Process Clause of the Fifth Amendment. ECF No. 1, p. 12-15 (capitalization adjusted). He also argues that "the prior bond hearing does not resolve the constitutional violation presented here[,]" that he is experiencing medical and emotional harm due to his prolonged detention, and that the facts of his case strongly weigh in favor of immediate release. *Id.* at 13-16 (capitalization adjusted). As relief, Petitioner requests that this Court "order his immediate release[,]" "[f]ind that his continued civil detention violates the Due Process Clause of the Fifth Amendment," and "[g]rant such other and further relief as this Court deems just and proper." *Id.* at 17.

In turn, Respondents argue that Petitioner's claims are moot because he "has already received habeas relief and an individualized bond hearing[.]" ECF No. 4, p. 2. They also assert that "the procedures in 8 U.S.C. § 1226(a), which govern Petitioner's detention, satisfy due process." *Id.* at 3 (capitalization adjusted).

## III. Discussion

It is undisputed that Petitioner received a bond hearing under § 1226(a) on June 12, 2026, and that bond was denied because Petitioner failed to establish that he was not a flight risk. *See* ECF No. 1, p. 13; ECF No. 4, p. 2. However, even if a petitioner has received an initial bond

hearing under § 1226(a), this Court has previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026). In conducting an analysis of whether the *Fadel* petitioner's detention under § 1226(a) had become prolonged, this Court looked to the following four *German Santos* factors to determine if his detention had become unconstitutional under the Due Process Clause of the Fifth Amendment: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210-11.

Among these factors, "[t]he most important factor is the duration of detention." *Id.* at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)). Here, Petitioner has only been detained for less than nine months. *See* ECF No. 6, p. 3; *see also Lindsay v. Oddo,* No. 3:26-CV-1369, 2026 WL 2450688 (W.D. Pa. Aug. 21, 2026) (declining to order a bond hearing under *German Santos* where the petitioner had been detained for less than nine months); *c.f. Fadel*, 2026 WL 1649901, at *2–3 (granting a bond hearing where petitioner had been detained for over nine months). Thus, this first factor weighs against Petitioner.

The remaining factors do not persuade the Court. Although Petitioner's detention is likely to continue because he is awaiting BIA decision with "no end in sight" (*see* ECF No. 6, p. 3), Petitioner does not allege that the government caused any delay and provides no specific evidence that his own conditions of confinement are akin to criminal punishment. *See German Santos*, 965

F.3d at 210-13.

As such, because Petitioner fails to establish that his detention has become unconstitutionally prolonged under *German Santos*, further relief is not warranted at this time.[2] Thus, the Habeas Petition will be denied, albeit without prejudice to Petitioner's ability to seek relief in the future if his detention continues.

## IV. Conclusion

Therefore, for the reasons set forth herein, the Court will deny Petitioner's Habeas Petition, ECF No. 1, without prejudice. An appropriate Order follows.

## ORDER

**AND NOW**, this 30th day of September 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition is **DENIED WITHOUT PREJUDICE.**
2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge

[2] Petitioner's claim regarding his conditions of confinement fails as well, as it is not cognizable in a habeas petition. *See Silva v. Soto*, No. CV 25-16577, 2025 WL 3485658, at *6 (D.N.J. Dec. 4, 2025) ("Consistent with *Cardona v. Bledsoe*, 681 F.3d 533, 535-536 (3d Cir. 2012), claims seeking relief from general conditions of confinement, as opposed to the fact or duration of custody, are not cognizable under § 2241."); *Javokhir v. AG of the U.S.*, No. 26-1314, 2026 WL 2434667, at *1 (W.D. Pa. Aug. 19, 2026) ("A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted.").